IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| DERRICK HARPER,<br><br>        Plaintiff,<br><br>  vs.<br><br>DOCTOR MARTIN,<br><br>        Defendants. | No. C 06-3850 JSW (PR)<br><br>**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE OR COMPLY WITH A COURT ORDER AND INSTRUCTIONS TO THE CLERK**<br><br>(Docket No. 4) |

      On June 20, 2006, Plaintiff, a state prisoner incarcerated at San Quentin State Prison, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. On that same day, the Court sent a notification to Plaintiff that he must pay the filing fee or file a complete application for leave to proceed *in forma pauperis* (docket no. 2). Thereafter, on June 27, 2006 Plaintiff filed an incomplete *in forma pauperis* application because he did not submit either a Certificate of Funds in Prisoner's Account completed and signed by an authorized officer at the prison, or a copy of his prisoner trust account statement showing transactions for the last six months (docket no. 4). On Plaintiff's application, he wrote a note that he had encountered difficulty in completing the application, because the appropriate prison authorities had not completed the Certificate of Funds and provided him with a copy of his prison trust account.

      The Court's notice on June 20, 2006 warned Plaintiff that the case would be dismissed if Plaintiff failed to file the completed application and documents within thirty days (docket no. 2). However, instead of dismissing the case, the Court provided

1  Petitioner with a further extension of thirty days in which to supplement his *in forma*
2  *pauperis* application with the required documentation.  The Court informed Plaintiff that
3  if he contended that he was unable to complete this application within thirty days, he
4  "must provide the Court with a sworn declaration made under penalty of perjury,
5  documenting what efforts he has undertaken to provide this information to the Court,
6  including the names of prison officials that refused to provide the required
7  documentation" and informed him that failure to do so would result in the dismissal of the
8  action without prejudice (docket no. 5).

9  Plaintiff did not comply with the Court's order.  Instead, he wrote a letter
10 informing the Court that he expected to be paroled in 15 days, and asking the Court to
11 give him until February 1, 2007 to file an application (docket no. 6).  Plaintiff also
12 provided an address where he expected that he could be contacted after that date (*Id.*)
13 However, since that date, Plaintiff has not contacted the Court and has neither provided
14 the Court with the required complete application, nor informed the Court of his
15 subsequent change of address.  Under Northern District Local Rule 3-11 an attorney or
16 party proceeding pro se whose address changes while an action is pending must promptly
17 file and serve upon all opposing parties a notice of change of address specifying the new
18 address.  *See* L.R. 3-11(a).

19 A district court may sua sponte dismiss an action for failure to prosecute or to
20 comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).  *See Link v.*
21 *Wabash R.R.*, 370 U.S. 626, 633 (1962); *McKeever v. Block*, 932 F.2d 795, 797 (9th Cir.
22 1991).  A court should consider five factors before dismissing an action under Rule 41(b):
23 (1) the public interest in the expeditious resolution of the litigation: (2) the court's need to
24 manage its docket; (3) the risk of prejudice to the defendants; (4) the availability of less
25 drastic sanctions; and (5) the public policy favoring the disposition of actions on their
26 merits.  *See Malone v. United States Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987);
27 *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986).  It should also afford the
28 litigant prior notice of its intention to dismiss.  *Malone*, 833 F.2d at 133.

1 | Therefore, Plaintiff is hereby ordered to show cause, within 20 days of the date of
2 | this order, why this case should not be dismissed for failure to prosecute or to comply
3 | with the Court's order.  The Clerk is directed to serve a copy of this order on Plaintiff
4 | both at the address on the docket sheet, as well as the address provided by Plaintiff in
5 | docket number 6.

6 | IT IS SO ORDERED.
7 | DATED: April 22, 2009

8 | JEFFREY S. WHITE
United States District Judge

1  UNITED STATES DISTRICT COURT
2  FOR THE
3  NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK HARPER,  | Case Number: CV06-03850 JSW |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| DOCTOR MARTIN, et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 22, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Derrick Harper
P05844
P.O. Box 1906
Tehachapi, CA 93581

Dated: April 22, 2009

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk